Court of Chancery.   June, 1816.

*Ridgely's Notebook I, 69.*

## In the Case of the DIVISION OF THE LANDS OF HALSEY HORSEY, as he is called in his father's will, or HALSE HORSEY, as he is called in the petition and order.

Orphans' Court.   Sussex.   July 22, 1817.

*Ridgely's Notebook I, 101.*

THE CHANCELLOR. Nathaniel Horsey, the father of Halse Horsey, the intestate, did not die intestate; therefore, in this circumstance, there is a material difference from the case provided for in the fourth section of the Act of Assembly touching the distribution among the whole and half blood of the same common parent. The law did not intend that distribution should be made among the brothers and sisters and their issue of the whole and half blood except in the case of intestacy of the common parent. Halse Horsey took the estate by devise which is in another manner than that of intestacy, and consequently the distribution is to be made among the whole blood only. See 1 Del.Laws 538, s. 4.[1]

Halsey Horsey, devisee in fee of his father Nathaniel Horsey, died intestate without issue, leaving three brothers of the whole blood, to wit, Nathaniel, Thompson and Revel. Nathaniel, the brother of the whole blood, died intestate leaving issue a daughter Nancy, now the wife of John Bullock. Nancy, the wife of Bullock, is under the age of 21 years. Thompson Horsey sold, it is said, his share in said land to Nathaniel Horsey, deceased. Revel Horsey, by deed of bargain and sale, sold his share to Nancy the wife of John Bullock. Halsey Horsey, the intestate, left two sisters of the whole blood, to wit, Nancy, now the wife of Caldwell Windsor. Nancy is eldest sister. Sally married to James Masters.

John Bullock and Nancy, his wife, have made a conveyance bond to Nathaniel Vickars for all her shares and right in said land; that is the original share of her father, Nathaniel, and the share he obtained by purchase from Thompson Horsey, and the share granted by Revel Horsey to her. But Nancy is not of full age; her husband could not, were he here desiring to accept the

---

[1] At this point, *Ridgely's Notebook I, 101*, the account of this case is interrupted; it is resumed at *124*, where the account is dated "July 28, 1817."

land, take it because she is not of age. She herself, if she were sole could not accept it, and neither can her husband, he [2] not having right to derive any right from her, she not being of full age. By the Act of Assembly, 1 Del.Laws 418, none can take or give a right to take but such as are of full age, consequently Joseph Vickars cannot take. Besides he is not the assignee, the land not being granted or conveyed to him, but only a bond for the conveyance, an executory contract having been made to him. He is not assignee. John Rust, assignee of Caldwell Windsor and Nancy, his wife, the next in succession, prays to have the land ordered to him. She, Nancy, and her husband, being of full age, and capable of taking, John Rust their assignee can take. Let the land be ordered to him, the above brother and sisters.

John Rust then declined to take the land. He said a few acres of it were in dispute. Return was continued.[3]

---

[2] Manuscript reads "she."

[3] At this point *Ridgely's Notebook I, 124*, there appears a reference to *Ridgely's Notebook II, 65*, where the entry is found, "March 11 [1818]. Halse Horsey—his land assigned to John Rust. (See [notes for] July 22, 1817...and July 28, 1817.) Security was given by recognizance."